DECISION
This matter is before this Court on the defendant's motion to dismiss based upon the alleged invalidity or improper application of the state violation statute and the Superior Court violation rule and the unconstitutional application of both.
 FACT/TRAVEL
The defendant was a male nurse, employed by the Carriage House, a nursing home located at 93 Miantenomi Avenue, Middletown Rhode Island. A resident of this establishment complained that on October 2, 1998, the defendant applied lotion to her buttocks and breasts, despite her request that he stop.
On the basis of Mrs. Crocker's allegation that her breasts were rubbed by the defendant against her wishes, the Department of Health so notified the Attorney General. The Attorney General then conducted an investigation and, upon completion, asserted that the defendant was a violator and a Violation hearing was scheduled for October 13, 1998. The hearing is scheduled for October 30, 1998. The progenitor of the alleged violation occurred on May 29, 1994 when the defendant's Alford Plea, Alford v. North Carolina, 400 U.S. 25, 91 S. Ct. 160, 27 L.Ed.2d 162 (1970), was accepted by a superior court justice in 1994 on a similar, second degree sexual molestation charge and, pursuant to a plea bargain, he was placed on probation for six years.
 No Need for Bifurcated Hearing for Alleged Violations.
The defendant's motion is grounded in his argument that the process by which the Court determines whether an individual has violated parole or probation is unconstitutional. In support of this argument, the defendant relies primarily upon Morrissey v.Brewer, 408 U.S. 471, 92 S. Ct. 2593, 33 L.Ed.2d (1972) andGagnon v. Scarpelli, 411 U.S. 778, 93 S. Ct. 1756, 36 L.Ed.2d 656 (1973) which "appear to call for two hearings, an initial or Probable Cause hearing, and them the violation hearing, itself." In contrast, Rhode Island provides for a single violation hearing. It is this element of the Rhode Island judicial system which the defendant challenges.
In response, the State argues that, when deciding Morrissey
and Gagnon, the United States Supreme Court, in "affording a two tiered hearing procedure was concerned with the `substantial time lag' that occurred before a meaningful review of the circumstances of the alleged violation." The State further argues that Rhode Island protects the rights of defendants and prevents such time lag by statutorily mandating that violation hearings be held within ten days of presentment as a violator.[1]
Therefore, the State asserts, there is no need for a two tiered hearing procedure.
The definitive Rhode Island case in this area is State v.DeLomba, 370 A.2d 1273 (1977). The arguments asserted by the present defendant could have been lifted straight from the text of the DeLomba case. In DeLomba, as here, the defendant argued that
 "an alleged violator should receive two hearings; first a preliminary hearing at the time of his arrest and detention to determine whether there is probable cause to believe that he violated his probation or deferred sentence agreement; and second, a final hearing following completion of the criminal proceedings to determine whether he is, in fact a violator and, if so, what his punishment should be. They further contend that this two-hearing procedure is constitutionally mandated under Gagnon v. Scarpelli." DeLomba 370 A.2d at 1275. (citations omitted).
The DeLomba Court was not persuaded by the defendant's arguments, finding that "no constitutional purpose would be served by bifurcating our present unitary judicial violation hearing, at which an alleged violator is afforded due process right equal or superior to those required in a Scarpelli final hearing."DeLomba, 370 A.2d at 1276.
This Court recognizes its obligation to honor the doctrine ofstare decisis. A full and thorough reading of the aforementioned cases convinces this Court that DeLomba is, in fact, dispositive of the issues presented and that it binds this Court under the principles of stare decisis. Therefore, this Court will follow the single hearing procedure set forth in DeLomba until such time as our state Supreme Court or our General Assembly otherwise decides.
Accordingly, the defendant's motion is denied. Counsel shall submit the appropriate judgment.
[1] See R.I.G.L. §§ 12-19-9; 12-19-14.